PATERLINI et ux. v. MEMORIAL HOSPITAL ASS'N OF MONONGAHELA CITY, PA., et al.

(Circuit Court of Appeals, Third Circuit.   May 6, 1916.)

No. 2064.

CHARITIES ⬦⇒45(2)—HOSPITALS—ACTIONS FOR DEATH—SUFFICIENCY OF STATEMENT.

In an action against a hospital and its trustees for the death of a patient, the statement alleged that defendants, in conducting the process of removing the activities of the hospital from one building to another, were guilty of negligence in keeping poisons in such circumstances that a nurse, through mistake, administered poison to plaintiffs' son. The statement averred no negligence on the part of the nurse, but raised questions concerning the administration of charitable foundations, of which the hospital was one. *Held* that, despite the vagueness of the statement, it was good against demurrer.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 103; Dec. Dig. ⬦⇒45(2).]

Appeal from the District Court of the United States for the Western District of Pennsylvania.

Action by John Paterlini and wife against the Memorial Hospital Association of Monongahela City, Pa., and others. From a judgment

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(229 Fed. 838) sustaining a demurrer to the statement, plaintiffs appeal. Reversed and remanded.

Arthur O. Fording, of Pittsburgh, Pa., for appellants.

McIlvain, Murphy, Day & Witherspoon, of Pittsburgh, Pa., Carl E. Gibson, of Monongahela, Pa., C. G. McIlvain, of Pittsburgh, Pa., and Andrew M. Linn, of Washington, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. In this case John Paterlini and his wife, citizens of Italy, brought suit against certain citizens of Pennsylvania, to wit, the hospital named and certain individuals, who were its trustees. On demurrer to the amended statement, the court below entered a judgment in favor of the defendants. The action was brought to recover damages for the financial loss caused the plaintiffs by the alleged negligence of the said hospital and the said individuals, which it is claimed resulted in the death of their son, who was a patient in the hospital. The averred negligence of the said hospital and the said individuals consisted in keeping a certain poison, "in such circumstances as to allow a nurse, whether careful or negligent, to make a mistake," and "in so conducting the process of removing the activities of the same hospital from one building to another as to make such mistake possible," and "in the employment of persons charged with the direct management of the said hospital and especially of those charged with the duty of said removal," and "in failing to provide for the said patient's safe environment for his care." The allegation is that the joint negligence of said corporate defendant and said individual defendants caused the injury complained of. The action is not based on any alleged negligence of the nurse who administered the draft to said patient. In view of the allegations of the pleadings and of the fact that the questions involved in this case so closely concern the administration of charitable foundations in Pennsylvania, we are unwilling to pass upon the liability of such institutions and their trustees for negligence, until by the proofs, rather than from the uncertain averments of pleadings, we are precisely informed of the facts upon which our judgment should rest. Without, therefore, expressing in any way, any view upon these questions, we deem it the exercise of wise discretion to overrule the demurrer and allow the proofs to be placed on record before the case is reviewed by this court.

Accordingly, we will reverse the judgment below, remand the cause, with directions to overrule the demurrer, without prejudice to later raising the questions raised by it, and that the cause proceed in due course.