FREEDOM OIL WORKS CO. v. PITTSBURGH, C., C. & ST. L. RY. CO.

(Circuit Court of Appeals, Third Circuit. January 15, 1919.)

No. 2424.

APPEAL AND ERROR ⬥1106(4)—REVIEW—DETERMINATION.

In action by railway company to recover alleged storage charges on interstate shipments, where the case was one of far-reaching importance, a judgment entered on motion for judgment for want of sufficient affidavit of defense may, in the discretion of appellate court, be reversed without opinion on the questions involved, so as to allow proofs to be placed of record before the case is reviewed.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Action by the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, now for use of Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company, against the Freedom Oil Works Company. There was a judgment for plaintiff, entered on motion for judgment for want of sufficient affidavit of defense (247 Fed. 573), and defendant brings error. Reversed and remanded.

Forest G. Moorhead, of Beaver, Pa., for plaintiff in error.

John G. Marshall and Moorhead & Marshall, all of Beaver, Pa., and Gordon Fisher, of Pittsburgh, Pa. (Dalzell, Fisher & Hawkins, of Pittsburgh, Pa., of counsel), for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. In this case the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company brought suit against the Freedom Oil Works Company to recover for alleged storage charges on interstate shipments. The court below entered judgment on a motion for judgment for want of a sufficient affidavit of defense. Thereupon the oil company sued out this writ.

On the argument it became evident that the case was one of far-reaching importance, and this court being, as it was in Paterlini v. Memorial Hospital, 232 Fed. 360, 146 C. C. A. 407, unwilling to pass on the questions involved until, "by the proofs rather than from the uncertain averments of pleadings, we are precisely informed of the facts upon which our judgment should rest," we follow this course there indicated, namely, without expressing in any way any opinion upon the questions here involved, we deem it the exercise of wise discretion to reverse the judgment and allow the proofs to be placed of record before the case is reviewed by this court.